**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4115**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANDRE MONTELL O'BRIEN,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (CR-03-387)

Submitted:  July 15, 2004            Decided:  July 20, 2004

Before MOTZ, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael A. Meetze, Assistant Federal Public Defender, Florence, South Carolina, for Appellant. Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Andre Montell O'Brien appeals his conviction after a jury trial of possession of a firearm after having been convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. § 922(g) (2000), and his 110 month sentence. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising two potential issues, but stating that, in his view, there are no meritorious grounds for appeal. We affirm.

Counsel first suggests that the evidence was insufficient to support O'Brien's conviction. A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, we view the evidence in the light most favorable to the government, and inquire whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In evaluating the sufficiency of the evidence, we do not review the credibility of the witnesses and assume that the jury resolved all contradictions in the testimony in favor of the government. United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998). Our review of the record in this case convinces us that the

- 2 -

evidence was sufficient to support O'Brien's conviction.

Counsel also questions whether the district court properly applied the Sentencing Guidelines[*] in sentencing O'Brien. Because O'Brien did not object to the presentence investigation report, we review for plain error. United States v. Vonn, 535 U.S. 55, 74-75 (2002); United States v. Martinez, 277 F.3d 517, 524-25 (4th Cir.), cert. denied, 537 U.S. 899 (2002). We therefore must determine whether (1) there was error; (2) that was plain; (3) that affected O'Brien's substantial rights; and (4) if the first three criteria are met, whether we should exercise our discretion to notice the error. United States v. Olano, 507 U.S. 725, 732 (1993). Our review of the record convinces us that the district court correctly determined the applicable sentencing range under the Guidelines. To the extent O'Brien asserts error in the district court's decision to sentence him to a particular term of imprisonment within the properly calculated Guidelines range, such an exercise of discretion by the district court is not reviewable. United States v. Porter, 909 F.2d 789, 794 (4th Cir. 1990).

In his pro se brief, O'Brien raises three claims that he received ineffective assistance of counsel. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a

---

[*]U.S. Sentencing Guidelines Manual (2002).

defendant must bring his claim in a motion under 28 U.S.C. § 2255 (2000). See id.; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists when the record conclusively establishes ineffective assistance. See King, 119 F.3d at 295. We find that the record in the instant case does not conclusively establish that O'Brien's counsel was ineffective. Therefore, we do not address this issue on direct appeal. O'Brien may assert his claim in a § 2255 habeas motion, if he so chooses.

As required by Anders, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm O'Brien's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED